IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS

FILED

JUN 2 3 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| EDWARD TOM DAVIS, JR., ET AL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-169-A |
| | § | |
| J.P. MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court are the following motions filed in the
above-captioned action: (1) motion to remand, filed by
intervenors, PennyMac Corp. and PennyMac Loan Services, LLC
(collectively, "PennyMac"); (2) motion to quash intervenors'
motion to remand, filed by pro se plaintiffs, Edward Tom Davis,
Jr., and Cynthia Davis; (3) motion to strike intervenor from
case, filed by plaintiffs; (4) motion to dismiss plaintiffs'
first amended complaint pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure, filed by defendant, J.P. Morgan Chase
Bank, N.A. ("JPMC"); (5) motion to dismiss pursuant to Rule
12(b)(6), filed by PennyMac; (6) motion to retain case on docket
and set jury trial, which appears to have been filed by
plaintiffs as a response to the motions to dismiss; and, (7)
request for extended time to receive certified copies from out-

of-state ("Request to Extend Time"), filed by plaintiffs.    The

parties have filed responses and, in some instances, replies, to

the motions.   Having considered all of the foregoing documents,

the court concludes that the motions to dismiss filed by JPMC and

PennyMac should be granted, that the Request to Extend Time be

denied as moot, and that the remaining motions should be denied.

I.

## Procedural History and Plaintiffs' Claims

Plaintiffs initiated this action by filing their original

petition in the District Court of Parker County, Texas, 415th

Judicial District.   Plaintiffs apparently filed at least one

amended pleading in the state court.   On multiple occasions, the

state court notified plaintiffs of its intent to dismiss the

action for want of prosecution; however, the action remained

pending.   On February 10, 2014, PennyMac intervened in the state

court action as a defendant and asserted state law counterclaims

against plaintiffs, seeking a judgment of foreclosure and

attorney's fees under the Texas Declaratory Judgment Act.

JPMC removed the action to this court on March 7, 2014.

Following removal, the court ordered plaintiffs to file an

amended complaint that complied with the requirements of the

Federal Rules of Civil Procedure, as interpreted by the United

States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009),

2

and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  After
an extension of time granted by the court, plaintiffs filed a
document titled "Amendment to Original Petition."[1]  Prior to the
filing of the amended complaint, PennyMac filed its motion to
remand.  Neither PennyMac nor JPMC answered the amended
complaint; rather, each filed a motion to dismiss.

    The court has studied the amended complaint and the papers
attached thereto, and has been able to discern little about the
facts underlying this action.[2]  In or around May 2007, plaintiffs
obtained a home equity loan in the amount of $162,000 on their
property in Weatherford, Texas.  From the amended complaint it
appears that either PennyMac or JPMC, or both, sought to
foreclose on the property.  Plaintiffs contend that the "mortgage
note" was never properly assigned due to a "lost assignment
instrument."  Am. Compl. at 2.  Plaintiffs allege that they have
requested "proof of ownership of the loan," <u>id.</u> at 4, as well as
the name, address, and telephone number "of the owner of the
Promissory Note signed by Plaintiffs and secured by the deed of
trust."  <u>Id.</u> at 7.  However, JPMC has failed to respond to their
requests.

_____

    [1]The court will refer to this pleading as the "amended complaint."

    [2]The amended complaint also appears to include plaintiffs' response to the affirmative defenses
asserted in JPMC's answer to the state court pleading, as well as the counterclaims asserted in
PennyMac's petition in intervention.

3

It is difficult to determine the exact claims plaintiffs are asserting against each of the parties. The amended complaint appears to assert the following against PennyMac and JPMC: a claim to quiet title; violations of the "Consumer Finance Protection Bureau" ("CFPB"); and, "Fraudulent Transfer of Securitized Real Property." Id. at 9. Against JPMC, plaintiffs also appear to allege violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640, et seq.; violation of the "Consumer Protection Act," Am. Compl. at 10; and, a claim for "Enforcement" of the national Mortgage Settlement Agreement.

## II.

## Motion to Remand

The court will first consider the motion to remand, as it presents a challenge to the court's subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. The removing party bears the burden of establishing that federal subject matter jurisdiction exists. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Any doubts about whether removal is proper must be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d

335, 339 (5th Cir. 2000).

The basis of PennyMac's remand motion is that JPMC sought PennyMac's consent prior to filing the notice of removal, but PennyMac refused, rendering the removal procedurally defective and requiring remand.  In response, JPMC argues that 28 U.S.C. § 1441(b)(2)(a) requires consent for removal from "all defendants who have been properly joined and served."  However, because PennyMac was an intervenor in this action, rather than a named defendant, JPMC was not obligated to obtain its consent.

JPMC appears to have the better argument.  The plain language of the statute requires consent only of "all defendants."  No qualifier is included that would encompass an intervening party in PennyMac's position.  Neither party cited authority directly on point.  PennyMac cited to Doe v. Kerwood, 969 F.2d 165, 196 (5th Cir. 1992), in support of its motion to remand; however, that case has no bearing on the issue of an intervenor's consent for removal.  The court thus concludes that, based on the plain language of the statute, JPMC was not required to obtain PennyMac's consent prior to removing this action.

III.

## Plaintiffs' Motion to Strike Intervenor

Plaintiffs ask the court to strike PennyMac as an intervenor in this action.  After consideration of the motion and PennyMac's

5

response, the court finds that the motion is without merit, and is denied.

IV.

## Motions to Dismiss

### A.   Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action.   Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.   See Iqbal, 556 U.S. at 679.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.   Id. at

678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). If "matters outside the pleadings are presented to and not excluded by the court" when considering a motion pursuant to Rule 12(b)(6), the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Because the documents attached to plaintiffs' complaint and JPMC's motion to dismiss are considered part of the pleadings or are matters of

7

public record,[3] the court need not convert the motions to dismiss
into motions for summary judgment. Id.

B.  Application of Law to Claims Against Both JPMC and PennyMac

    1.  Quiet Title

    To prevail in an action to quiet title, the plaintiff must
prove and recover on the strength of his or her title, rather
than the weakness or invalidity of an adversary's title. Fricks
v. Hancock, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christi 2001,
no pet.) (quoting Alkas v. United Sav. Ass'n of Tex., Inc., 672
S.W.2d 852, 857 (Tex. App.--Corpus Christi 1984, writ ref'd
n.r.e.)). A plaintiff asserting such a claim must "allege right,
title, or ownership in himself or herself with sufficient
certainty to enable the court to see he or she has a right of
ownership that will warrant judicial interference." Wright v.
Matthews, 26 S.W.3d 575, 578 (Tex. App.--Beaumont 2000, pet.
denied). PennyMac argues that plaintiffs' claim fails because
they do not allege facts showing a superior interest in the
subject property. The court agrees.

    Papers attached to the complaint and the public records

---

[3]The documents which are either attached to, or referred to in, the amended complaint, or of which
JPMC and PennyMac ask the court to take judicial notice, include the home equity loan note, home
equity security instrument, assignments of the security interest that are recorded in the public records of
Parker County, Texas, an "Affidavit of Lost Assignment" signed June 6, 2007, pertaining to the
assignment of plaintiffs' note and deed of trust for the purchase of the property from AAMES Funding
Corporation d/b/a AAMES Home Loan to Ocwen Loan Servicing, LLC, and the subsequent release of
lien secured by that deed of trust, also signed June 6, 2007.

submitted in conjunction with the motions to dismiss show that in
June 2007, plaintiffs obtained a home equity loan from Washington
Mutual Bank, secured by a deed of trust on their property in
Weatherford, Texas.  In February 2014, the Federal Deposit
Insurance Corporation, acting as receiver of Washington Mutual
Bank, assigned its interest in the property to JPMC, which
subsequently assigned its interest to PennyMac.  Documents
attached to the complaint indicate that plaintiffs' interest in
the property is subject to the home equity note and deed of
trust, and plaintiffs do not allege otherwise.  Having failed to
allege any facts as would even raise a question of plaintiffs'
superior interest in the property, this claim fails as to
PennyMac.

JPMC argues that plaintiffs' claim to quiet title against it
fails because such an action is intended to declare invalid or
ineffective the defendant's claim to title in the property.
Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex.
App.--Houston [1st Dist.] 2012, pet. denied).  However, JPMC
contends that it no longer has any interest in the property, a
contention confirmed by the assignment from JPMC to PennyMac.
Plaintiffs have failed to allege or show otherwise.  Given JPMC's
lack of any interest in the subject property, this claim fails.

9

2.    Fraudulent Transfer of Securitized Real Property

This cause of action states in its entirety:

> Plaintiffs assert the complaint PENNYMAC CORP. and/or
> PENNYMAC LOAN SERVICES, LLC's appears to lie within the
> scope of the business ventures between their
> predecessor's involved in the fraudulent transfer of
> the securitized real property "note" and due to
> questionable or lack of due diligence prior to the
> alleged transfer of the loan between JPMORGAN CHASE
> BANK, N.A. and PENNYMAC CORP. and/or PENNYMAC LOAN
> SERVICES, LLC's.

Am. Compl. at 9 (errors in original).  Both JPMC and PennyMac

interpret the foregoing as an attempt by plaintiffs to assert a

claim under the Uniform Fraudulent Transfer Act ("UFTA"), section

24.008 of the Texas Business & Commerce Code.  JPMC and PennyMac

maintain that if such is the case, the claim should be dismissed,

as only creditors have standing under the UFTA to seek relief

from a fraudulent transfer or obligation.  Tex. Bus. & Com. Code

Ann. § 24.008(a).  The court agrees, and, to the extent

plaintiffs intended to assert a claim under the UFTA, that claim

is dismissed.

To the extent plaintiffs intended to assert a different

claim, it is likewise dismissed, as no facts are alleged as would

state a claim for relief regarding any fraudulent transfer as to

either JPMC or PennyMac.

### 3.   CFPB Claim

The amended complaint generally alleges that JPMC and
PennyMac, through their manner of assigning the note and failure
to correct unidentified errors, have violated unspecified
regulations of the CFPB.  Absent from the amended complaint are
any facts alleging the regulations purportedly violated, or the
things done or not done by JPMC and PennyMac that constituted
such violations.  In short, plaintiffs have failed to allege
anything as would state a claim under CFPB regulations against
either JPMC or PennyMac.

### C.   Application of Law to Claims Against JPMC Alone

#### 1.   RESPA Claim

Plaintiffs contend that JPMC failed to respond to their
written request for information filed under the applicable
provisions of RESPA, 12 U.S.C. § 2605(e)(1)(A).  JPMC argues that
plaintiffs' RESPA claim should be dismissed because plaintiffs
have failed to allege they sustained actual damages from any
failure by JPMC to comply with the statute.  The court agrees.

RESPA imposes liability on a non-complying defendant in "an
amount equal to the sum of . . . any actual damages to the
borrower as a result of the failure" to comply.  Id. at
2605(f)(1)(A).  Courts to consider the issue have consistently
held, based on the plain language of the statute, that a

plaintiff must allege actual damages resulting from a violation

of § 2605.  See, e.g., Hurd v. BAC Home Loans Servicing, LP, 880

F. Supp. 2d 747, 768 (N.D. Tex. 2012); Hill v. Wells Fargo Bank,

NA, No. 4:11-CV-644-A, 2011 WL 5869730, at *3 (N.D. Tex. Nov. 17,

2011).  Here, no allegation of fact is found in the pleading from

which the court could conclude that plaintiffs suffered any loss

or damage as a result of any failure of JPMC to respond to any

written request of plaintiffs.  Additionally, although section

2605(f)(1)(B) allows an award of statutory damages if the

defendant engaged in "a pattern or practice of noncompliance," no

such allegations are found in the amended complaint.  Thus,

plaintiffs have not sufficiently stated a claim under RESPA.

    2.   TILA Claim

TILA is a disclosure statute, the purpose of which is "to

assure a meaningful disclosure of credit terms so that the

consumer will be able to compare more readily the various credit

terms available to him and avoid the uninformed use of credit."

James v. City Home Serv., Inc., 712 F.2d 193, 194 (5th Cir. 1983)

(quoting 15 U.S.C. § 1601(a)).  Various provisions of TILA thus

require certain disclosures to be made at certain times in

conjunction with a consumer loan transaction.

Plaintiffs contend that "Defendant" violated TILA because

"alleged note Notification . . . does not appear to have been

12

properly given in a timely manner in regard to the transfer of
the alleged note or alleged loan upon transfer from JPMorgan
Chase Bank, N.A."  Am. Compl. at 3.  The amended complaint does
not make clear whether "Defendant" refers to JPMC or PennyMac.
In either case, no facts are alleged indicating which
notification was not made, how it was untimely, or what TILA-
required disclosures were not made.  In other words, no facts are
alleged as would give JPMC or PennyMac "fair notice of what the
claim is and the grounds upon which it rests."  Twombly, 550 U.S.
at 555.  This claim represents the type of "unadorned, the-
defendant-unlawfully-harmed-me," conclusory assertion that is
insufficient to state a claim for relief.  Iqbal, 556 U.S. at
678.

3.    Deceptive Trade Practices Act/Consumer Protection Act

JPMC's motion sets forth a number of grounds for dismissal
of plaintiffs' claim pursuant to the Texas Deceptive Trade
Practices Act ("DTPA").  In the court's reading, however, the
amended complaint does not appear to allege such a claim.  At
most, on page 2 of the amended complaint, plaintiffs maintain
that in their original state court pleading they "reserved
[their] right to amend" their pleadings and add additional causes
of action, including "claims under the Texas Trade Practice Act."
Am. Compl. at 2.  However, the court does not find such a claim

13

actually pleaded in the amended complaint. Nevertheless, to the extent plaintiffs intended to assert a claim under the DTPA, the amended complaint is devoid of any facts to support such a claim.

Similarly, plaintiffs allege that JPMC violated the "Consumer Protection Act." Id. at 10. As no statutory citation or other indication is provided, it is unclear to what the "Consumer Protection Act" refers. In support of this claim, plaintiffs cite to two cases from the Massachusetts Supreme Court, both addressing matters of Massachusetts law; neither the cases nor the statutes they discuss are applicable here. Whatever claim plaintiffs are attempting to assert under the "Consumer Protection Act," they have failed to state a claim for relief.

### 4.    Mortgage Settlement Agreement

Plaintiffs ask that the court require JPMC to comply with the Mortgage Settlement Agreement promulgated by the Office of the Controller of the Currency and the Texas Attorney General, if they are not granted relief as requested in this action. Plaintiffs do not allege that they are parties to any such settlement agreement, nor do they allege any other facts that would show they are entitled to enforce the agreement. Plaintiffs have no standing to enforce an agreement, such as the Mortgage Settlement Agreement, to which they are not parties.

14

See Shatteen v. JP Morgan Chase Bank, N.A., 519 F. App'x 320, 321 (5th Cir. 2013).

\* \* \* \*

The sum of the foregoing is that the motions to dismiss filed by JPMC and PennyMac are granted, and all of plaintiffs' claims against those entities are dismissed. In light of the court's ruling, plaintiffs' motion to retain case on docket and set jury trial is denied.

Additionally, having determined to dismiss all claims alleged by plaintiffs against JPMC and PennyMac, the court is exercising the discretion given to it by 28 U.S.C. § 1367(c)(3) to decline to continue to exercise supplemental jurisdiction over whatever state law claims PennyMac has asserted against plaintiffs.

V.

## Request to Extend Time

Plaintiffs have also requested an extension of time to receive certified copies from out-of-state. During the pendency of all of the motions discussed herein, plaintiffs apparently received the certified copies from Florida and have submitted them for the court's review. The court has reviewed the papers, but finds that plaintiffs have failed to show their relevance to this action, nor have they shown why the documents would mitigate

15

against the court granting the motions to dismiss.

VI.

Order

Therefore,

The court ORDERS that the motion to remand, motion to quash intervenor's motion to remand, motion to strike intervenor from case, and motion to retain case on docket and set jury trial be, and are hereby, denied, and the Request to Extend Time be, and is hereby, denied as moot.

The court further ORDERS that the motions to dismiss filed by JPMC and PennyMac be, and are hereby, granted, and that all claims and causes of action asserted by plaintiffs, Edward Tom Davis, Jr., and Cynthia Davis, against JPMC and PennyMac, be, and are hereby, dismissed with prejudice.

The court further ORDERS that all claims and causes of action asserted by PennyMac against plaintiffs under the laws of the State of Texas be, and are hereby, remanded to the state court from which they were removed.

SIGNED June 23, 2014.

JOHN McBRYDE
United States District Judge

16